### POST v. BRUERE et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

1. PERPETUITIES—SUSPENSION OF POWER OF ALIENATION—PERSONAL PROPERTY —WILLS—CONSTRUCTION.

By his will testator left $10,000 in trust to his executors, to pay the interest thereon to his widow for life, and on her death to his two sons, share and share alike, during their natural life, directing his executor on their death to divide the principal sum, "or, on the death of either of said sons, then the one-half of said sum, share and share alike, among the children of said sons then living." *Held*, that the will meant that the income was to be paid to the two sons during their natural lives, respectively, and on the death of each one-half of the principal was to be divided, and that, thus interpreted, the absolute ownership was not suspended for the continuance of more than two lives in being at testator's death—i. e., that of the widow and a son—in respect of any part of the trust fund, in violation of Personal Property Law, Laws 1897, p. 507, c. 417, § 2.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, § 48.]

2. SAME.

A testator need not actually sever the trust fund in the case of several trusts carved out of such fund, it sufficing that each fund be made distinct; and each will be considered alone on the question of illegal suspension of the absolute power of ownership.

Appeal from Special Term, Kings County.

Action by Peter K. Post against Joseph H. Bruere and others. From the judgment, defendants Bruere and Davenport appeal. Reversed.

The judgment appealed from adjudged the third clause of the will of Peter K. Post void for suspending the absolute power of ownership of personal property for more than two lives in being at the death of the testator, against the prohibition of the personal property law (section 2, p. 507, c. 417, Laws 1897).

The said clause is as follows:

"Third.—I do direct my said executor to invest the sum of ten thousand dollars for the use and benefit of my wife during her natural life and widowhood the interest thereon to be paid to her semiannually until her death or remarriage, after her death or remarriage, I do direct that said interest shall be paid to my sons Peter K. Post, Jr., and Charles E. Post semiannually share and share alike, during their natural life and at their death I do direct my said executor to divide the said principal sum of ten thousand dollars, or on the death of either of said sons then the one-half of the said ten

thousand dollars share and share alike among the children of said sons then living."

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-LER, JJ.

Samuel Keeler, for appellant Bruere.

R. M. Cahoone, for appellant Davenport.

Frederick C. Tanner, B. E. Valentine, W. H. Cragg, and Joseph J, Hood, for respondents.

GAYNOR, J.  The third clause of the will leaves $10,000 in trust to the executors to pay the interest thereon (1) to the widow for life, (2) upon her death to the two sons "share and share alike," and (3) upon the death of each son to divide one-half of the principal sum among his children.  Nothing different to this can be spelled out of it unless the words, "or on the death of either of said sons then the one-half of the said ten thousand dollars," be ignored and given no effect in the interpretation, and that cannot be permitted.  The meaning is that the income is to be paid to the two sons during their natural lives, "respectively," and upon the death of each one-half of the principal to be divided.  The language of the clause is not exact nor grammatical, but the meaning is unmistakable.  The plural "their" is used only to be followed by the singular "life"; which, coupled with the words which follow, "or on the death of either," etc., shows that their respective lives were meant, and that there was to be a distribution of one-half the principal on the death of each; and the same distinction and severance being kept up to the end (for the same idea runs through it all) each distribution is to be among the children of the son whose death caused such distribution.  Thus interpreted, the absolute ownership is not suspended for the continuance of more than two lives in being at the testator's death, i. e., that of the widow and a son, in respect of any part of the trust fund.  It is not necessary that a testator actually sever the trust fund in the case of several trusts carved out of such fund.  It suffices that each trust be made distinct, and each will be considered alone on the question of illegal suspension. Savage v. Burnham, 17 N. Y. 561; Monarque v. Monarque, 80 N. Y. 320; Wells v. Wells, 88 N. Y. 323; Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481.  Words in the opinion in Savage v. Burnham, 17. N. Y. 571, are exactly applicable here, viz.:

"There is indeed but one fund, which is embraced in a single trust, but the interests carved out of it are entirely distinct.  The trust itself is necessarily divisible as often as the beneficial dispositions of the will call for a division," etc.

And on this ground the trust was upheld as not involving an illegal suspension of ownership, or of the power of alienation.

The judgment should be reversed.

Judgment reversed on the law and the facts, and new trial granted; costs to abide the final award of costs.  All concur.